*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2015-464

JULY TERM, 2016

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Franklin Unit, |
| v. | } | Criminal and Civil Divisions |
| | } | |
| | } | DOCKET NOS. 63-7-15 Frcs & |
| Constance Erikssen | } | 738-7-15 Frcr |

Trial Judge: Robert A. Mello

In the above-entitled cause, the Clerk will enter:

Defendant challenges the denial of her motion to suppress and dismiss in these civil suspension and driving-under-the-influence (DUI) cases. She asserts that the court erred in finding the arresting officer to be credible, and it erred in concluding that he had reasonable suspicion to believe that she was driving while intoxicated. We affirm.

These cases began after a traffic stop in the early morning hours of July 2, 2015. Defendant filed a motion to suppress and dismiss, and after a hearing, the court denied her motion. It made the following findings on the record. Defendant was stopped for making an illegal right-hand turn. In speaking with defendant, the arresting officer observed that her eyes were red and watery. Defendant indicated that she was wearing contact lenses, which offered one explanation for the condition of her eyes, but the officer recognized that it was also a possible indicator of impairment. Defendant acknowledged that she had been drinking earlier in the day, but the officer did not detect any odor of intoxicants. At that point, the officer concluded that defendant was not impaired, and he went to his cruiser to write up a warning ticket for the traffic violation. The officer returned to defendant's car, delivered the warning and told defendant good night. As the officer walked away, defendant asked him where she had made the illegal right turn. The officer testified that defendant slurred part of her question to the point where he could not understand what she had asked. The officer replied, "What?" and he testified that in responding to his query, defendant struggled to pronounce the sentence and again slurred one or more of her words. At that point, the officer concluded that he had reasonable basis to believe that defendant might be impaired, sufficient to support an exit order.

On cross-examination of the officer, defendant challenged whether she had in fact slurred her words. The court viewed a videotape of the encounter but found it impossible to determine with any degree of certainty from the tape whether defendant in fact slurred any words. The court could not rule it out nor could it clearly say that it heard slurring. It noted that this Court had made it clear that recordings may or may not necessarily depict all of the information that may occur at a scene. The court thus accepted as true, and found credible, the officer's testimony that defendant did in fact slur one or more of her words. The court found that the officer appeared to be credible throughout his testimony. The court explained that, while the

officer did not believe that he had grounds for an exit order before defendant slurred her words, her words gave him additional grounds to suspect that she might be impaired and the information he possessed was sufficient to justify the exit order. The court thus denied the motion to suppress and granted judgment to the State in the civil suspension proceedings. Defendant entered a conditional guilty plea to DUI, and these appeals followed.

Defendant first asserts that because the court found the videotape inconclusive, it could not credit the officer's testimony that she slurred several words. Even if she did slur several words, defendant asserts that this did not provide the officer with reasonable suspicion that she was DUI because, just before she spoke, the officer did not think she was impaired.

We review the court's findings for clear error, and its legal conclusions de novo. State v. Button, 2013 VT 92, ¶ 8, 195 Vt. 65 (noting that on review of denial of motion to suppress, Supreme Court reviews factual findings for clear error and reviews legal conclusions de novo). We find no error here.

First, the court acted within its discretion in crediting the officer's testimony that defendant slurred her words even though it found the videotape inconclusive. We considered a similar argument in State v. Freeman, 2004 VT 56, 177 Vt. 478 (mem.). In that case, as here, a trooper testified as to his observations of the defendant during a traffic stop. The trial court reviewed a videotape of a stop but found it difficult to corroborate the trooper's observations. Nonetheless, the trial court gave great weight to the trooper's testimony and the DUI processing form affidavit the trooper supplied. Id. ¶ 5. The defendant argued on appeal that, given its findings concerning the videotape, the court could not credit the trooper's testimony. We rejected this argument. "In essence," we explained, the trial court "refused to substitute its judgment of the events captured in the tape for the trooper's testimony, which the court found credible." Id. ¶ 8. "Given the inherent difficult in evaluating demeanor, mannerisms, and tone of voice, in addition to the quality of testimony itself, we defer to the factfinder's determination of the credibility of the witness, and the persuasive effect of his testimony." Id. We similar defer here to the factfinder's determination that the officer was credible.

The court's findings, including those based on the officer's testimony, support its conclusion that the officer had reasonable suspicion to suspect that defendant was DUI. As defendant acknowledges:

> Reasonable suspicion of a traffic violation can form the basis for a valid stop, but the detention must be temporary and last no longer than necessary to effectuate the purpose of the stop. If, during the course of an investigative stop, an officer gathers additional information providing reasonable suspicion that some other criminal activity is afoot, the officer may extend the detention to investigate that activity.

State v. Winters, 2015 VT 116, ¶ 14, 131 A.3d 186 (citations omitted).

That is precisely what happened here. As the officer testified, he observed several signs during his initial conversation that could demonstrate impairment: defendant's bloodshot watery eyes and her admission to drinking earlier that evening. Although he did not believe that she was impaired based on these signs, he reached a different conclusion when slurred language was added to the calculation. This was the tipping point for the officer, and we agree with the trial

2

court that based on the totality of his observations, the officer had reasonable suspicion that defendant was DUI. This is not a case, as defendant suggests, where the officer purposely prolonged a traffic stop to engage in a "fishing expedition." See, e.g., Rodriguez v. United States, 135 S.Ct. 1609, 1612, 1615 (2015) (holding that "a police stop exceeding the time needed to handle the matter for which the stop was made violates the Constitution's shield against unreasonable seizures," and that this rule applies to dog sniff, which cannot be characterized as part of officer's traffic mission); see also Arizona v. Johnson, 555 U.S. 323, 333 (2009) (explaining that lawful roadside stop begins when vehicle is pulled over for investigation of traffic violation, and temporary seizure remains reasonable for duration of stop, and stating that officer's inquiries into matters unrelated to justification for traffic stop do not convert encounter into something other than lawful seizure as long as those inquiries do not measurably extend duration of stop). Here, it was defendant who stopped the officer as he was leaving, and asked him a question. While responding to defendant's question, the officer "gather[ed] additional information providing reasonable suspicion that some other criminal activity [was] afoot," Winters, 2015 VT 116, ¶ 14, namely, DUI. We find no error in the court's denial of defendant's motion to suppress and dismiss.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Harold E. Eaton, Jr., Associate Justice